CHRISTOPHER D. SULLIVAN (148083)
csullivan@diamondmccarthy.com
MATTHEW S. SEPUYA (287947)
msepuya@diamondmccarthy.com
**DIAMOND McCARTHY LLP**
150 California Street, Suite 2200
San Francisco, California 94111
Tel: (415) 692-5200

Attorneys for Plaintiff NATIONAL
MEDICAL SERVICES, INC. dba NMS
LABS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NATIONAL MEDICAL SERVICES,
INC. dba NMS LABS, a Pennsylvania
Corporation.

    Plaintiff,

vs.

INDX LIFECARE, INC., a Delaware
Corporation,

    Defendants.

Case No.

**VERIFIED COMPLAINT FOR MULTIPLE BREACHES OF CONTRACT AND MONEY HAD AND RECEIVED**

Plaintiff National Medical Services, Inc. dba NMS Labs ("Plaintiff" or "NMS"), hereby alleges and complains against Defendant iNDx LifeCare, Inc. as follows:

## PARTIES

1. Plaintiff NMS is a Pennsylvania Corporation with its principal place of business in Pennsylvania. Plaintiff transacts business in California and in the city of Los Gatos, Santa Clara County.

2.      Defendant iNDx LifeCare, Inc. ("iNDx"), is a Delaware Corporation. Defendant held a business office in the city of Los Gatos, Santa Clara County.

## JURISDICTION

3.      Plaintiff brings its complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

4.      This Court has personal jurisdiction over this matter in that Defendant is located in, and have sufficient minimum contacts in, the State of California.  More specifically, Defendant iNDx maintained an office, conducted business, and has had agents or employees in Santa Clara County.

## VENUE

5.      Venue is proper in this Court pursuant to 28 U.S. C. § 1391(b) (2) because the obligations to be performed by iNDx arose in this County.  Specifically, the underlying events that give rise to the contracts and promissory notes, as further described below, occurred in Santa Clara County. Further, venue is proper pursuant to 28 U.S.C § 1391(b)(1), because Defendant maintained offices, transacts business and has agents in Santa Clara County and, as such, is considered a resident of the State of California.

6.      Venue also is appropriate in the County of Santa Clara because the written contracts, described further below, provided that any action or proceeding arising out of or related to the agreements shall be in the County of Santa Clara.

## BACKGROUND

7.      NMS and iNDx entered into a Product Development Agreement ("PDA") on August 1, 2014, a true and correct copy of which is attached as Exhibit 1.  Pursuant to the PDA, NMS agreed to provide, and did provide, a loan of substantially more than a million dollars to iNDx and to use its expertise in certain technology to collaborate with iNDx in the joint development of certain small molecule testing and assay products.  iNDx promised to use its expertise to jointly develop the products and to develop specific prototype devices according to an agreed upon schedule, as outlined in detail in the PDA

1  and its exhibits, and to comply with a number of material reporting provisions as also
2  outlined in the PDA and its exhibits.
3      8.    NMS fully complied with its obligations under the PDA as the project began
4  and at all other times.
5      9.    NMS provided $1 million in financing to iNDx in October of 2014, pursuant to
6  a secured promissory note.  NMS subsequently provided another $500,000 in loan
7  financing to iNDx pursuant to a second secured promissory note and an Addendum to the
8  Product Development Agreement, entered into as of October 2, 2014 ("PDA
9  Addendum"), a true and correct copy of which is attached hereto as Exhibit 2.
10     10.    iNDx has failed to repay the two secured loans, but NMS is not seeking in this
11 action remedies based on the failure of iNDX to repay the secured loans.
12     11.    In December of 2015 NMS made an unsecured loan of $150,000 to iNDx,
13 which iNDx agreed to repay according to the terms outlined in the Promissory Note
14 attached as Exhibit 3.  Exhibit 3 is a true and correct copy of a Promissory Note reflecting
15 the $150,000 loan from NMS to iNDx.
16     12.    NMS made all of the required payments due under the PDA and PDA
17 Addendum.  These payments totaled $1,160,000.
18     13.    NMS subsequently made additional loans of $250,000, through a wire transfer
19 of $150,000 made on January 22, 2016 and a wire transfer of $100,000 made on February
20 25, 2016.
21     14.    iNDx failed to honor its obligations to properly document or repay the
22 additional loans outlined in paragraph 13 above.
23     15.    Despite the substantial support of NMS, the financial condition of iNDx
24 deteriorated dramatically in 2015 and worsened even more in 2016.
25     16.    iNDx defaulted on its obligations to NMS under the secured promissory notes
26 and is in default under the terms of the Promissory Note attached as Exhibit 3, as also
27 further described below.
28     17.    iNDx also materially defaulted on numerous obligations outlined in the PDA

and defaulted on the obligations it owed under the PDA Addendum, as also outlined further below.

18. iNDx failed to repay the additional loans (the "Unsecured Loans") outlined in Paragraph 12 above and to abide by the obligations it undertook at the time that it borrowed money through the Unsecured Loans with NMS.

19. NMS is now forced to file this action to recover for its substantial losses as a result of the many material failures of iNDx to honor its promises and comply with its contractual and other obligations.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT (PROMISSORY NOTE)

20. On or about December 10, 2015, Plaintiff NMS and Defendant iNDx entered into a written contract as evidenced by the Promissory Note. A copy of the contract, marked "Exhibit 3," is attached to this complaint and incorporated by reference.

21. Plaintiff NMS has performed all the conditions, covenants, promises, and agreements required of it under the terms of the contract.

22. Defendant iNDx has failed, and continues to fail, to perform its part of the contract or to tender such performance. In particular, iNDx has not met its obligation to pay the principal amount, and all interest owing on the principal amount, despite the obligation of iNDx to pay the principal amount owed since there have been a number of additional events of default under the Promissory Note, as specified in paragraph 4 of the Promissory Note. For example, and not by way of limitation, iNDx is in default of its obligations under the secured promissory notes outlined above in paragraph 9; iNDx is in default of its obligations under the PDA; and is in default of its obligations under the PDA Addendum.

23. NMS hereby makes a demand that iNDx pay the entire principal and accrued interest owed under the Promissory Note.

24. Defendant iNDx is obligated to pay the expenses of Plaintiff NMS in enforcing the Promissory Note, including its attorney's fees.

25. Because of Defendant's failure to perform its obligations under the contract, Plaintiff has been damaged in the sum of $150,000, plus the unpaid interest, no part of which has been paid.

## SECOND CAUSE OF ACTION

## BREACH OF CONTRACT (ADDITIONAL LOANS)

26. As outlined in paragraph 13 above, Plaintiff NMS made additional Unsecured Loans to Defendant iNDx in the total amount of $250,000.

27. In consideration for the receipt of these loans, Defendant iNDx was to, among other things, repay the additional Unsecured Loans on the same terms as agreed to in the Promissory Note.

28. Plaintiff NMS has performed all the conditions, covenants, promises, and agreements required of it under the terms of the contract.

29. Defendant iNDx has failed, and continues to fail, to perform its obligations pursuant to the additional loan contracts regarding the Unsecured Loans or to tender such performance as is required per the loan agreements.  In particular, iNDx has not met its obligations to repay the principal amounts of the Unsecured Loans, and all interest owing on the principal amounts, despite the obligation of iNDx to pay the principal amounts owed since there have been a number of events of default under the terms of the loan agreements.

30. NMS hereby makes a demand that iNDx pay the entire principal and accrued interest of the Unsecured Loans owed under the additional loan agreements.

31. Because of Defendant's failure to perform its obligations under the contract, Plaintiff has been damaged in the sum of $250,000, plus the unpaid interest, no part of which has been paid.

## THIRD CAUSE OF ACTION

## BREACH OF CONTRACT (PDA  AND PDA ADDENDUM)

32. On or about August 1, 2014, Plaintiff NMS and Defendant iNDx entered into a written contract as evidenced by the PDA.  A copy of the contract, marked "Exhibit 1," is

attached to this complaint and incorporated by reference.

33. On or about October 22, 2014, Plaintiff NMS and Defendant iNDx entered into a written addendum to the PDA contract as evidenced by the PDA Addendum. A copy of the Addendum, marked "Exhibit 2," is attached to this complaint and incorporated by reference.

34. Plaintiff NMS has performed all the conditions, covenants, promises, and agreements required of it under the terms of the PDA and the PDA Addendum, including paying all the amounts called for under the PDA and PDA Addendum.

35. Defendant iNDx has breached numerous material obligations that it promised to perform in the PDA and the PDA Addendum.

36. For example, and not by way of limitation, iNDx commited the following material breaches of the PDA:

  A. iNDx neglected to properly undertake its agreed-upon development activities regarding the development of assays required under the PDA.

  B. iNDx improperly spent time and used NMS funds to secure investment monies for use other than the development of Products (as defined specifically in the PDA) for use in the Field (also as defined specifically in the PDA)..

  C. iNDx repeatedly spent NMS provided funds on uses not related to development of Products for use in the Field.

  D. iNDx failed on many occasions to provide reports regarding uses of funds and other reports required by the PDA.

  E. iNDx failed to produce form models as required by the Development Plan and as outlined in the PDA.

  F. iNDx failed to deliver fully functional Initial Devices or cartridges as required by Section 3.4.2(ii) of the PDA.

  G. iNDx failed to create assay development set up and engage in proper assay testing.

  H. iNDx improperly evaluated the sampling devices and was negligent in design evaluation.

  I. iNDx failed to create professional designs for the assay cartridge and reader.

  J. iNDx allowed its financial condition to so deteriorate that it could not meet its business obligations and NMS was required to pay obligations owed by iNDx in order to prevent further damage to the product development efforts.

37. iNDx breached its obligations under the PDA Addendum by, among other issues, the failure of iNDx to deliver a functional New Device as outlined in the PDA Addendum.

38. iNDx has been notified of material defaults under the PDA and the PDA Addendum and has failed to cure its defaults.

39. Because of Defendant's failure to perform its obligations under the PDA and PDA Addendum, Plaintiff NMS has been damaged and suffered substantial losses, including the losses from all amounts paid under the PDA.  In addition, for example only and not by way of limitation, NMS has been forced to spend management time and effort trying to mitigate the problems to the joint development efforts caused by the failures of iNDx and has been forced to spend significant amounts to pay obligations owed by iNDx. For example only, and not by way of limitation, NMS had to loan $79,000 to iNDx to pay wages and taxes owed by iNDx, which iNDx has not repaid, and NMS paid substantial amounts outstanding to iNDx vendors.

## FOURTH CAUSE OF ACTION

## COMMON COUNT – MONEY HAD AND RECEIVED

40. As outlined in paragraph 13 above, Plaintiff NMS made two loans totaling $250,000 through two wire transfers to Defendant iNDx in 2016.

41. iNDx received the money from NMS that was intended as a loan and iNDx indicated was intended to be repaid to NMS.

42. As outlined above, Defendant iNDx has not repaid any of the money loaned to Plaintiff NMS and not paid any interest for the use of the money.

43. Plaintiff NMS has been damaged in the amount of $250,000, plus the amount of unpaid interest.

**PRAYER FOR JUDGMENT**

WHERFORE, Plaintiff prays for judgment against iNDx as follows:

1. On the First Cause of Action for Breach of Contract an award of damages in the amount of $150,000, plus unpaid interest.

2. On the Second Cause of Action for Breach of Contract an award of damages in the amount of $250,000, plus unpaid interest.

3. On the Third Cause of Action for Breach of Contract an award of damages in the amount of at least $79,000, and such additional amounts as further established at trial.

4. On the Fourth Cause of Action for Money Had and Received an award of damages in the amount of $250,000, plus unpaid interest.

5. For attorneys' fees and costs.

6. For pre- and post-judgment interest in the maximum amount owed by law.

7. For such other relief as the Court may deem proper.

Dated: August 5, 2016                    DIAMOND MCCARTHY LLP

By: */s/ Christopher D. Sullivan*
Christopher D. Sullivan
Attorneys for Plaintiff NATIONAL MEDICAL SERVICES, INC. dba NMS LABS.

## VERIFICATION

National Medical Services, Inc. dba NMS Labs, a Pennsylvania Corporation v. INDX Lifecare, Inc., a Delaware Corporation

I, Pierre Cassigneul, declare:

I am the President and CEO of National Medical Services, Inc., in the above-entitled matter and am authorized to make this verification on its behalf.

I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 5th, 2016 at Willow Grove PA. 19090

_____
Name